J-A02009-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ANNE MARIE SHULTZ | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM A. SHULTZ AND APRIL | : | No. 1027 MDA 2023 |
| PASSETTI | : | |

Appeal from the Order Entered June 26, 2023
In the Court of Common Pleas of Luzerne County Civil Division at No(s):
2023-3695

BEFORE:  NICHOLS, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED: MARCH 19, 2024**

Appellant Anne Marie Shultz appeals from the order sustaining preliminary objections filed by William A. Shultz and April Passetti and dismissing Appellant's custody complaint for lack of standing.  Appellant argues that she established *in loco parentis* status and that the trial court erred in concluding that she lacked standing.  We affirm.

The trial court summarized the relevant facts and procedural history in this matter as follows:

> On March 30, 2023, [Appellant] filed a complaint for grandparent custody/visitation alleging that she stood *in loco parentis* to the minor child, M.S. ([Child]), who was born [in December of] 2015. The complaint alleges that [C]hild resides with [Child's parents, William A. Shultz and April Passetti (Appellees)] in a home owned by [Appellant]; that [Appellees] do not pay rent but are responsible to pay utilities and taxes; and that [C]hild and [Appellees] have resided in the home for the past seven years. The complaint further alleges that [Appellees] ceased all contact

with [Appellant] since January 6, 2023[,] after a dispute arose over transfer of title to [Appellees].

On April 12, 2023, [Appellees] filed preliminary objections to [Appellants'] complaint based on lack of standing. The [trial c]ourt scheduled a hearing for June 23, 2023. [Appellant] filed her answer to the preliminary objections also on June 23, 2023.

\* \* \*

The parties stipulated to the facts alleged in paragraph 11 of [Appellant's] answer to [Appellees'] preliminary objections. Paragraph 11 states that [C]hild has resided with [Appellant] for extended weekends, and weeknights; that [Appellant] has assumed many parental duties including but not limited to: (a) arrange pick-up of [C]hild after school/daycare; (b) transport [C]hild and attend [C]hild's physician related appointments (doctor's appointments, eye appointments, etc.); (c) transport [C]hild to and from birthday parties, and extracurricular events; (d) ensure that [C]hild was properly clothed, bathed, and ensure that [Child's] homework was timely completed (and assist [C]hild with his homework, studying, and school related assignments); that [Appellant] joined the local library to aid [C]hild in his academic studies; (e) prior to January 6, 2023, [Appellant] had custody over [C]hild Monday through Friday after school from 3:00 p.m. until 5:00 p.m., approximately three weekends per month during the school year, during the Christmas holiday and every day during the summer (including overnights); and (f) since [C]hild's birth, [Appellant] has been an integral part of [C]hild's life and has established a special bond with [C]hild.

Paragraph 11 further stated that since [C]hild's birth [Appellant] assumed the following responsibilities on behalf of [C]hild: (a) paying for [C]hild's private schooling ($800.00/month, when [C]hild was in daycare); and (b) paying for [C]hild's extracurriculars, food, clothing and other child-related expenses.

Trial Ct. Op., 8/24/23, at 1-3 (formatting altered).

On June 26, 2023, the trial court sustained Appellees' preliminary objections and dismissed Appellant's custody complaint for lack of standing.

Appellant timely appealed, and both the trial court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issues:

1. Whether the trial court committed an error of law in holding that [Appellant] lacked standing where [Appellant] had a special bond with [Child]?

2. Whether the trial court committed an error of law in its findings that the facts set forth in this matter do not support the finding of *in loco parentis* status for [Appellant]?

Appellant's Brief at 5.

Both of Appellant's claims challenge the trial court's conclusion regarding standing. *Id.* at 20. Specifically, Appellant argues that she has a special bond with Child sufficient to establish *in loco parentis* status pursuant to 23 Pa.C.S. § 5324(2), and that *in loco parentis* status affords her standing to bring her complaint for custody of Child. *See id.* at 11-16. Appellant also contends that the trial court's order will have a negative impact on Child's intellectual, social, physical, and financial development. *See id.* at 16-20.

We review a challenge to an order sustaining preliminary objections under the following standard:

Our standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.

Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably

deducible therefrom.   Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief.   If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

***P.J.A. v. H.C.N.***, 156 A.3d 284, 287 (Pa. Super. 2017).

Further, in cases under the Child Custody Act (the Act),[1] we are guided by the following principles:

In reviewing a custody order, our scope is of the broadest type and our standard is abuse of discretion.   We must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations.   In addition, with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record.   We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

***C.L. v. M.P.***, 255 A.3d 514, 520 (Pa. Super. 2021) (formatting altered and citation omitted).   "The paramount concern in any custody case decided under the Act is the best interests of the child."   ***Id.***

However, "[d]etermining standing in custody disputes is a threshold issue that must be resolved before proceeding to the merits of the underlying custody action."   ***C.G. v. J.H.***, 193 A.3d 891, 898 (Pa. 2018).   Standing is a conceptually distinct legal question which has no bearing on the central issue

---

[1] 23 Pa.C.S. §§ 5321-5340.

within the custody action [concerning] who is entitled to physical and legal custody of a child in light of his or her best interests. *Id.* (citation omitted and formatting altered). Issues of standing are questions of law, and our standard of review is *de novo* and the scope of review is plenary. *Id.*

> The concept of standing, an element of justiciability, is a fundamental one in our jurisprudence: no matter will be adjudicated by our courts unless it is brought by a party aggrieved in that his or her rights have been invaded or infringed by the matter complained of. The purpose of this rule is to ensure that cases are presented to the court by one having a genuine, and not merely a theoretical, interest in the matter. Thus[,] the traditional test for standing is that the proponent of the action must have a direct, substantial and immediate interest in the matter at hand.
>
> * * *
>
> In the area of child custody, principles of standing have been applied with particular scrupulousness because they serve a dual purpose: not only to protect the interest of the court system by assuring that actions are litigated by appropriate parties, but also to prevent intrusion into the protected domain of the family by those who are merely strangers, however well-meaning.

*D.G. v. D.B.*, 91 A.3d 706, 708 (Pa. Super. 2014) (formatting altered and citations omitted). The Act provides that "[t]he following individuals may file an action under this chapter for any form of physical custody or legal custody: . . . A person who stands *in loco parentis* to the child." 23 Pa.C.S. § 5324(2).[2]

> The term *in loco parentis* literally means in the place of a parent. A person stands in loco parentis with respect to a child when he or she assumes the obligations incident to the parental relationship without going through the formality of a legal

---

[2] Appellant only argues that she may seek custody of Child pursuant to 23 Pa.C.S. 5324(2), and she has not argued the applicability of other subsections of Section 5324. *See* Appellant's Brief at 11-13, 19, 20.

adoption. The status of *in loco parentis* embodies two ideas[:] first, the assumption of a parental status[;] and, second, the discharge of parental duties. Critical to our discussion here, *in loco parentis* status cannot be achieved without the consent and knowledge of, and in disregard of, the wishes of a parent.

*K.W. v. S.L.*, 157 A.3d 498, 504–05 (Pa. Super. 2017) (formatting altered and citations omitted).

An important factor in determining whether a third party has standing is whether the third party lived with the child and the natural parent in a family setting, irrespective of its traditional or nontraditional composition, and developed a relationship with the child as a result of the participation and acquiescence of the natural parent.

*D.G.*, 91 A.3d at 709 (citation omitted).

Here, the trial court addressed Appellant's issue as follows:

In this case, although [C]hild spent overnights with [Appellant], [C]hild never resided with [Appellant], but in fact [C]hild and both [p]arents have always lived as a family unit.

Moreover, the third party, in this case [Appellant], cannot place herself *in loco parentis* in defiance of [Appellees'] wishes and the parent/child relationship. [Appellees] here have not acquiesced in a parent-child relationship between [C]hild and [Appellant]. In fact, [Appellees] do not consent to any such relationship.

In her argument in favor of a finding of *in loco parentis* [Appellant] relied upon the Superior Court's decision in *M.J.S. v. B.B.*, 172 A.3d 651 (Pa. Super. 2017). However, the facts in *M.J.S.* are significantly different than those in this case. In *M.J.S.*, grandmother lived with the subject child and the child's mother as an intact family unit for five years. Here [Appellees] and [C]hild have lived as an intact family for the past seven years. [Appellant] cannot be considered a member of the family unit under these facts. Moreover in *M.J.S.*, the father acquiesced in the grandmother performing parental duties while a resident of the child's household with the child's mother. Here, that is not the case. [Here, Child's father is a part of the family unit with [Child's] mother and [C]hild. Neither [Child's father] nor [Child's m]other

- 6 -

has consented to [Appellant] acting in the role of a parent such that [Appellant] can be considered *in loco parentis* to [C]hild.

[Appellant] further argues that the [c]ourt found there is a special bond between [Appellant] and [C]hild which supports the finding of *in loco parentis* status.

The Supreme Court specifically addressed this issue in **C.G. vs. J.H.**, 193 A.3d 891, 909 (Pa. 2018). In that case the Supreme Court was asked to adopt a rule that the decisive factor in determining standing is the existence of a bond between the third party and the child. In rejecting such a rule, the Court stated:

> Of course, it is a concern to the courts whether a child has developed strong psychological bonds, however such bonds must necessarily be based on the assumption of parental status and discharge of parental duties in order to achieve this legal status. . . . Indeed, if the determining factor were the child's development of a bond with the person seeking standing, it would be of no moment to the Court if the bond was forged contrary to the natural parent's wishes. Acceptance of such a rule would undermine well-established principles of *in loco parentis* analys[e]s. **See T.B.**[**v. L.R.M.,**] 786 A.2d [913,] 917 [(Pa. 2001)] (explaining that a third party cannot place himself *in loco parentis* in defiance of the parent's wishes and the parent/child relationship).

**Id.** 193 A.3d [at] 910.

Trial Ct. Op., at 4-6 (some formatting altered).

After review, we discern no error of law or abuse of discretion by the trial court. **See P.J.A.**, 156 A.3d at 287; **D.G.**, 91 A.3d at 708. As noted by the trial court, Appellees did not consent to Appellant acting in place of a parent, and Appellant cannot obtain *in loco parentis* standing in defiance of Appellees' wishes and the parent/child relationship between Child and Appellees. **See K.W.**, 157 A.3d at 504-05 (providing that *in loco parentis* status cannot be achieved without the consent of, and in disregard of, the

wishes of a parent). On this record, we recognize that Appellant has been an essential part of Child's life since birth and has established a close and special bond with Child, investing considerable resources and time for Child's care and well-being, abruptly disrupted by a painful dispute with Appellees over the transfer of title to a house. Although we empathize with Appellant and her predicament, we are constrained to conclude that Appellant did not establish *in loco parentis* status, based on binding precedent. Accordingly, the trial court correctly concluded that Appellant lacked standing to seek custody. ***See D.G.***, 91 A.3d at 708; 23 Pa.C.S. § 5324(2).

For these reasons, we affirm.

Order affirmed. Jurisdiction relinquished.


Judgment Entered.


Benjamin D. Kohler, Esq.
Prothonotary


Date: 3/19/2024